**In the Matter of SEACO INTERNATIONAL, INC.**

Civ. A. No. 87–0096.
Bankruptcy No. 86–02689–B.

United States District Court,
E.D. Louisiana.

Oct. 15, 1987.

Mary L. Riche, Gretna, La., for Louisiana Marine Tugs Corp.

Michael D. Dendy, Stephen R. Remsberg, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for Seaco Intern., Inc.

David Adler, New Orleans, La., Trustee of Seaco Intern., Inc.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Appellant, Louisiana Marine Tugs Corporation has appealed from an order of the Bankruptcy Court granting SEACO International, Inc.'s motion for use of cash collateral under 11 U.S.C. § 363. This Court has jurisdiction pursuant to 28 U.S.C. § 158 and § 1334 and Bankruptcy Rule 8001.

## FACTUAL BACKGROUND

On or about February 1, 1986, the debtor in this matter, SEACO International, Inc. (hereinafter "Debtor") executed a pledge and assignment of accounts in favor of Louisiana Marine Tugs. A certified copy

---

of that pledge and assignment and a notice of the assignment was filed in the conveyance of records for Jefferson Parish on February 6, 1986. The notice of assignment bears the signature of the assignee but not the assignor. The pledge and assignment recited certain antecedent indebtedness of the Debtor to Louisiana Marine Tugs Corporation in the amount of $779,456.80. This obligation arose from the total of three distinct debts which were itemized on the pledge and assignment. The Debtor agreed "to pledge and/or assign unto Louisiana Marine Tugs Corporation those invoices due and payable" to the debtor under charges to its various customers in the aggregate sum of $1,022,526.76. The pledge and assignment did not specify what accounts, either general or specific were pledged.

On July 18, 1986, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. At the time of the Chapter 11 petition, the total outstanding value of the allegedly assigned accounts receivable was $250,320.96. The Bankruptcy judge of the Eastern District of Louisiana, Judge Thomas Brahney, allowed the Debtor to use the cash in its general account immediately because monies received prior to the filing of the Chapter 11 petition from the pledged accounts were commingled and unidentifiable. All currency from the pledged account received by Debtor post-petition has been placed in an escrow account.

Shortly thereafter, Debtor converted to Chapter 7 which is the present posture of the Corporation's bankruptcy. Judge Brahney has ruled that the assignment was insufficient in form or content to create a valid assignment of accounts receivable under the Louisiana Assignment of Accounts Receivable Act, R.S. 9:3103 and 9:3104. This decision is the issue before this Court on appeal.

## ANALYSIS

Judge Brahney in his conclusions of law, found that the notice of assignment was fatally defective due to the failure of the assignor to sign, thus defeating the appellant, Louisiana Marine Tugs Corporation's secured interest in the receivables. The notice of assignment was made pursuant to the Louisiana Assignment of Accounts Receivable Act, LSA–R.S. 9:3101—9:3111. An assignment is valid between the parties at the time the assignment is correctly made under LSA–R.S. 9:3102. However, the assignment is only valid as to third parties from the time of filing the notice of assignment in the "prescribed manner" under LSA–R.S. 9:3102.

In the case at hand, the assignment was made between the Debtor and Louisiana Marine Tugs. The Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. As of the date the Debtor filed its bankruptcy petition, it began operating its business as a Debtor-in-Possession under 11 U.S.C. § 1102. The Debtor-in-Possession holds a position similar to a Trustee in Bankruptcy and thus, is to be considered as separate entity from the Debtor. As the assignment was created between the Debtor and Louisiana Marine Tugs Corporation, the assignment is not valid as between the Debtor-in-Possession and Louisiana Marine Tugs Corporation, as the Debtor-in-Possession is considered a third party to this transaction.

Furthermore, LSA–R.S. 9:3103 sets forth a form for a notice of assignment which must be substantially complied with in order for notice to be valid against third parties. Section A of LSA–R.S. 9:3103 requires the signatures of both the assignor and the assignee for an assignment to be effective against third parties. Absent the proper filing of said notice, there is no assignment perfected against third parties. The failure of the assignment renders it insufficient to bind third parties to this assignment agreement. Therefore, the third party in this appeal, the Debtor-in-Possession for SEACO International Co. is not bound by the assignment between the Debtor and Louisiana Marine Tugs Corporation.

As the appellant has offered no jurisprudence which would indicate that any other interpretation of this statute, LSA–R.S. 9:3103 is correct; this Court must hold that

Judge Brahney was correct in his ruling that the Assignment of accounts receivable had not been perfected according to Louisiana law.

Accordingly, IT IS ORDERED that the ruling of the Bankruptcy Court governing the motion of appellee, SEACO International, Inc. for use of cash collateral be AFFIRMED.